UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MICHAEL ANTHONY JOE,

        Plaintiff,                      Case No. 1:15-cv-763

v.                                          Honorable Paul L. Maloney

IONIA COUNTY JAIL,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed as frivolous.

**Factual Allegations**

Plaintiff Michael Anthony Joe presently is incarcerated at the Ionia County Jail. He sues the jail, the Ionia County 64A District Court, and the Center for Forensic Psychiatry.

Plaintiff alleges as follows:

I am being extorted through telepathy and treated with cruel and unusual punishment. Since January 2, 2015 I have been under observation through telepathy receiving threats and being forced to communicate with what seems to be a band of extortionist that are not only writing my mentality but are conspiring against my rights. Due to me having gone through a process of trial and error adjusting to the "presence" of the voices I come to understand that what I have been experiencing is the effects of a chemical irritant device and shock machine being used as weapons and tools to keep me bound to incarceration and tyranny. The County jail are allowing people and/or inmates throughout the jail to stay connected to my mentality "or" thoughts. Even after filing countless grievances, expressing my anger with inmates, staff, and others underground (e.g., "soldiers in the army" perhaps) synching up with my movement doing private things such as masterbating. I have filed complaints in the Federal District Court but due to my every move being monitored I believe my threat to file suit – CIVIL LIABILITY – has been the reason why my reasonable efforts to "remove" these spirits from harassing me. Also the reason the court is sending me responses in synch with the plots and threats of the voices I'm hearing. The court has been sending me mail with stickers on them that say, "stamps.com". And for the record I have never received a first time referral to the Center for Forensic Psychiatry. They are also allowing who's ever threatening me behind my cell walls to blast my ear canals / drums with high pitch high level frequencies. And last but not least Judge Raymond P. Voet was synced to my mentality on April 15, 2015. "TELEPATHY!"

(Compl., docket #1, Page ID#3 (verbatim).[1]  For relief, Plaintiff seeks an end to his psychological abuse. He also requests the appointment of an attorney to prosecute his action, a forensic examiner to prove his claims, and a United States Marshal to remove him to emergency housing. (*Id.* at 4.)[2]

---

[1] Plaintiff sues the Ionia County Jail. The jail is a building, not an entity capable of being sued in its own right. However, construing Plaintiff's *pro se* complaint with all required liberality, *Haines*, 404 U.S. at 520, the Court assumes that Plaintiff intended to sue Ionia County.

[2] Plaintiff raised very similar allegations against the jail in a prior civil rights action. *See Joe v. Ionia Cty. Jail*, No. 1:15-cv-693 (W.D. Mich.).

**Discussion**

I.  Frivolousness

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brown v. Bargery*, 207 F.3d 863, 866 (2000); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios.  *Neitzk*e, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199.  The Court has the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. at 327.  "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  Examples of claims lacking rational facts include a prisoner's assertion that Robin Hood and his Merry Men deprived prisoners of their access to mail or that a genie granted a warden's wish to deny prisoners any access to legal texts.  *See Neitzke*, 490 U.S. at 327-28;  *Lawler*, 898 F.2d at 1198-99.  An *in forma pauperis* complaint may not be dismissed, however, merely because the court believes that the plaintiff's allegations are unlikely.  *Id.*

Plaintiff's allegations lack a rational basis in fact.  Plaintiff alleges that Defendants are continuously subjecting him to surveillance, forcing him hear voices, holding him hostage, and torturing him through telepathy.  Such allegations are plainly irrational.  Accordingly, the Court will dismiss Plaintiff's action because it is frivolous.  *See Burnes v. Clinton*, No. 00-3208, 2000 WL

1800510, at *1 (6th Cir. Nov. 30, 2000) (complaint alleging that President Clinton and various other high-ranking federal officials were subjecting her to electronic surveillance, mind-reading, and remote torture due to her bisexuality was properly dismissed as frivolous); *Graves v. Cohen*, No. 99-4476, 2000 WL 1720647, at *1 (6th Cir. Nov. 7, 2000) (plaintiff's claim concerning the AIDS virus being injected into the American population by the Pentagon was properly dismissed as frivolous); *Dowell v. Tennessee*, No. 92-6125, 1993 WL 169052, at *1 (6th Cir. May 18, 1993) (affirming district court's dismissal of claims of conspiracy to inflict emotional distress as fantastic and delusional).

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: August 7, 2015         /s/ Paul L. Maloney
                              Paul L. Maloney
                              United States District Judge